Opinion of the Court, by
Judge Owsley.
THIS is an action of assumpsit, brought by the appellees against the appellant, in the Jefferson circuit court. The declaration contains two counts. The first charges, that “in consideration that Anderson, one of the firm of Anderson and Clark, at the special instance and request of Luckett, would exchange with, and deliver to him 100 dollars in silver, the property of Clark and Anderson, Luckett undertook, and then and there promised said Anderson, that he would, in *179 exchange, deliver to him a genuine bank note of one hundred dollars; and that Anderson did deliver Luckett said one hundred dollars, and that Luckett did, in exchange; deliver Anderson a paper, appearing to be a genuine bank note, but in fact was false and forged; and that upon the ascertainment of its falseness and forgery, the plaintiffs in the court below did return and re-deliver said note to Luckett, who acknowledged that it was forged and not genuine; and that said Luckett did never give in exchange a genuine bank note for the said one hundred dollars to him advanced,” &c. The second is a general count for money had and received. An issue was joined on the plea of non-assumpsit, and verdict and judgment obtained for one hundred and twenty-four dollars, and costs.
Although the testimony does not prove the promise exactly as laid in the declared action, yet if it proves facts from which the jury may rationally infer such promise, it is sufficient.
In an action to recover the amount of a forged bank note, which has been returned to the defendant, it is not necessary to give notice to him to produce it on the trial.
An inconsiderable excess of damages, no ground for awarding a new trial in an action of assumpsit.
In the progress of the trial in the court below, Luckett, by his counsel, moved the court to instruct the jury to disregard the first count, as faulty; but the motion was overruled. The first question, therefore, necessary for us to decide, is as to the sufficiency of that count.
We are of opinion the count is substantially good, It does not, as was supposed by the counsel in argument, contain a double cause of action, one in positive, the other in negative wrong; but, in substance, contains a promise to deliver to Anderson, in consideration of one hundred dollars received from him, a genuine bank note of that amount, and the failure of Luckett to deliver the note. The statement in the count, that a forged note was delivered by Luckett, and again returned, and by him acknowledged to be forged, does not, in itself, contain a cause of action; but is an allegation of the manner in which the promise to deliver a genuine note was broken, by the delivery of one which was forged.
On the trial of this cause in the court below, the plaintiffs in that court proved, by the acknowledgments of Luckett, that he had received from Anderson, one of the firm of Clark and Anderson, one hundred dollars in silver, and in exchange for which he had delivered Anderson a bank note of one hundred dollars, and that he had since been induced to believe the note was forged; and that if Anderson would return the note, he would repay the money, and that Anderson had returned the note. A motion was then made, but overruled by the court, for the jury to be instructed to find as in case of a *180 nonsuit. Whether, therefore, the instructions asked, should have been given to the jury, is the next question for decision.
Although the evidence does not prove a literal statement of the agreement and promise upon which this action is founded, it is conceived the evidence is sufficient, from whence the jury might infer the promise laid in the declaration. Luckett’s requesting Anderson to return the note, and his promise to repay the money, was an implied admission of his undertaking that the note was genuine. The court, therefore, decided correctly in overruling the motion of the defendant in that court, to instruct the jury to find as in case of a nonsuit.
It was also objected on the trial in the court below, that no evidence in relation to the bank note should be received, unless it was produced, or evidence had been given that Luckett had been notified to produce it. It is true, where a writing is in the possession of the adverse party, and its contents are necessary to be proved, notice should be given, for the party holding the writing to produce it, before parol evidence of its contents can be admitted. This rule, however, it is conceived, does not apply to the present case; for the contents of the note were not necessary to be proved, and surely the rule does not exclude the admission of all parol evidence in relation to the note, such as the confessions of Luckett that the note which he had delivered was forged, &c. We think, therefore, the court decided correctly in overruling the objection of Luckett to the admission of evidence.
The only remaining question which we deem necessary to notice, is, whether the verdict should have been set aside in consequence of its being for a greater sum than the evidence warrants, and a new trial awarded. It is true, the verdict seems to have been given for a larger sum than is strictly warranted by the evidence; but the excess is so inconsiderable, that we think, for that cause, the verdict should not be set aside. The costs of a new trial would, in all probability, amount to as much as the excess found by the jury. To grant a new trial for that cause, would be calculated more to gratify a litigious disposition, than to attain substantial justice.
Upon the whole, we think the judgment of the circuit court must be affirmed with costs and damages.